

FILED

NOV 2 2 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

MAURY MONTGOMERY,

          Petitioner,

v.

COURT OF APPEAL SECOND
APPELLATE DISTRICT,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-6002-GW (MLG)

ORDER DENYING CERTIFICATE OF
APPEALABILITY

      Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling dismissing the petition, a COA is denied.

      Before a petitioner may appeal the Court's decision denying his petition, a COA must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App.

1  P. 22(b).

2      The court determines whether to issue or deny a COA pursuant to

3  standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);

4  *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A

5  COA may be issued only where there has been a "substantial showing

6  of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2);

7  *Miller-El*, 537 U.S. at 330. As part of that analysis, the Court must

8  determine whether "reasonable jurists would find the district court's

9  assessment of the constitutional claims debatable or wrong." *Slack*,

10 529 U.S. at 484, *See also Miller-El*, 537 U.S. at  338.

11     In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the

12 court noted that this amounts to a "modest standard". (Quoting

13 *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,

14 the standard for granting a COA has been characterized as

15 "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir.

16 2004). A COA should issue when the claims presented are "adequate

17 to deserve encouragement to proceed further." *Slack*, 529 U.S. at

18 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see*

19 *also Silva*, 279 F.3d at 833. If reasonable jurists could "debate"

20 whether the petition could be resolved in a different manner, then

21 the COA should issue. *Miller-El,* 537 U.S. at 330.

22     Under this standard of review, a COA will be denied. In

23 dismissing the petition for writ of habeas corpus, it was found that

24 Petitioner had failed to state a cognizable basis for federal habeas

25 corpus relief and had failed to comply with the Court's order to file

26 a first amended petition. Petitioner cannot make a colorable claim

27 that jurists of reason would find debatable or wrong the decision

28 dismissing the petition without prejudice.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: _November 20, 2011_

_____
George H. Wu
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge